UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CARMITA J. AVERY,<br>Plaintiff, | Case No. 1:13-cv-86 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| CENTRAL CINCINNATI<br>PROPERTIES, et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, proceeding pro se, initiated this action in January 2013 against defendants Wallick Hendy Properties d/b/a Central Cincinnati Properties (Wallick Hendy), Hamilton County Court, Escrow Application Division, and the United States Department of Housing and Urban Development (HUD) in the Court of Common Pleas, Hamilton County, Ohio, Case No. A1300175. (Doc. 1, Ex. 3). On February 5, 2013, HUD removed the action to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. §§ 1441 and 1442(a). (Doc. 1).

On February 5, 2013, Wallick Hendy filed a motion to dismiss plaintiff's complaint. (Doc. 3). On March 12, 2013, HUD filed a motion to dismiss plaintiff's complaint for failure to properly serve HUD and for failure to state a claim. (Doc. 5). The accompanying Certificates of Service identify that the motions were served upon plaintiff via U.S. mail at 700 Scott Street, Covington, Kentucky, 41012. (Doc. 3 at 5; Doc. 5 at 6). Plaintiff did not file a response to Wallick Hendy's or HUD's motions to dismiss.

On March 13, 2013, this Court ordered plaintiff to show cause, in writing and within fourteen (14) days, why Wallick Hendy's pending motion to dismiss (Doc. 3) should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 6). This Order

was sent via certified mail to plaintiff at 700 Scott Street, P.O. Box 12895, Covington, Kentucky 41012. (Doc. 8). The Order was returned was "not deliverable" with instruction to "verify sender of new address: 117 E 12th Street, Cincinnati, Ohio 45202." *Id.* Upon receipt of this new address, the Order was reissued to plaintiff. (Doc. 10). To date, plaintiff has not filed a response to the Show Cause Order or Wallick Hendry's and HUD's motions to dismiss.

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's case be **DISMISSED** in its entirety for want of prosecution and for failure to obey an Order of the Court.

Date: 4/15/13

Karen L. Litkovitz
United States Magistrate Judge

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CARMITA J. AVERY,
   Plaintiff
vs
CENTRAL CINCINNATI PROPERTIES, et al.,
   Defendants.

Case No. 1:13-cv-86
Dlott, J.
Litkovitz, M.J.

### NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ✓ ☑ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Carmita J. Avery<br>117 E. 12th St.<br>Cinti, OH 45202 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7011 3500 0001 5345 5482 |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |